**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 13-cv-00936-CMA-BNB

JOSE BARRIENTOS-HERNANDEZ,

      Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

      Defendant.

_____

**ORDER *SUA SPONTE* REMANDING CASE TO STATE COURT**
_____

This matter is before the Court *sua sponte* on the Notice of Removal filed by

Defendant American Family Mutual Insurance Company.  (Doc. # 1.)  For the reasons

that follow, the Court finds that Defendant has not established subject matter

jurisdiction.  Accordingly, the Court remands the case to the District Court, Boulder

County, Colorado, for further proceedings.

## I. BACKGROUND

Plaintiff Jose Barrientos-Hernandez initiated this action by filing a Complaint in

Colorado State court on January 11, 2013.  (Doc. # 1-7.)  Plaintiff served the Summons

and Complaint on Defendant on March 21, 2013.  (*See* Doc. # 1.)  Defendant filed

its Notice of Removal on April 11, 2013, asserting diversity jurisdiction pursuant to

28 U.S.C. § 1332.  (*Id.*)

## II. <u>LEGAL STANDARD</u>

In every case and at every stage of a proceeding, a federal court must "satisfy itself of its own jurisdiction," even if doing so requires *sua sponte* action.  *Citizens Concerned for Separation of Church & State v. City & Ctny. of Denver*, 628 F.2d 1289, 1301 (10th Cir. 1980); *see also* 28 U.S.C. § 1447(c) (court may *sua sponte* remand an action where "it appears that the district court lacks subject matter jurisdiction").

A defendant may remove a state civil action "to the district court of the United States for the district and division embracing the place where such action is pending" when the federal district court has original jurisdiction over the matter.  28 U.S.C. § 1441(a).  District courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . of different States . . . ."  28 U.S.C. § 1332(a).

The party invoking federal jurisdiction bears the burden of proving that such jurisdiction exists.  *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).  Thus, when a defendant removes a case from state court asserting the existence of diversity jurisdiction, the removing defendant must establish that the jurisdictional requirements of 28 U.S.C. § 1332 have been satisfied.  *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).  A removing defendant must prove jurisdictional facts – including that the amount in controversy exceeds $75,000 – by a "preponderance of the evidence."  *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008).  Although proof that the amount in controversy requirement has been satisfied may arise in several

ways, *see, e.g.*, *id.* at 954, conclusory assertions or outright speculations do not suffice, *see Tafoya v. Am. Family Mut. Ins. Co.*, No. 08-cv-01656, 2009 WL 211661, at *2 (D. Colo. Jan. 28, 2009) (unpublished).  Removal statutes are construed strictly, and any doubts about the correctness of removal are resolved in favor of remand.  *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982).  "Moreover, there is a presumption against removal jurisdiction."  *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

### III. <u>DISCUSSION</u>

"Where a plaintiff has not instituted suit in federal court, '[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court . . . .'"  *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938)).  "The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal."  *Laughlin*, 50 F.3d at 873.  When a plaintiff's alleged damages are not specified in the complaint, as in this case, a removing defendant must establish by a preponderance of the evidence the jurisdictional amount.  *See Martin*, 251 F.3d at 1290.

In its Notice of Removal, Defendant asserts that the amount in controversy exceeds $75,000.  (*See* Doc. # 1.)  In support of this assertion, Defendant cites only the state court Civil Cover Sheet.  (*Id.*)  However, the law is firmly established in this district

3

that a civil cover sheet is not sufficient evidence to satisfy the amount in controversy requirement. *See, e.g.*, *O'Neill v. Am. Family Mut. Ins. Co.*, No. 10-cv-02183, 2010 WL 4038845, at *2 (D. Colo. Oct. 14, 2010) (unpublished) (collecting cases to support the finding that "reliance solely on the civil cover sheet filed in state court to establish jurisdictional amount is insufficient"). As such, the Court finds that Defendant has failed to demonstrate by a preponderance of the evidence that the amount in controversy requirement is satisfied.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Defendant has failed to established the amount in controversy requirement under 28 U.S.C. § 1332. Accordingly, the Court lacks subject matter jurisdiction over this action. Therefore, it is ORDERED that this case is REMANDED to the District Court, Boulder County, Colorado, for further proceedings.

DATED:  April __15__, 2013

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

4